IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| TAHEERA SANDERS and DAVID MILLER,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEONTAYE BEACH and ORGANICS DISTRIBUTION LLC,<br><br>    Defendants. | Case No. 25-cv-2049-RJD |

**ORDER**

**DALY, Magistrate Judge:**

    This matter comes before the Court on Plaintiffs' Motion to Remand (Doc. 12). Defendants did not respond. As explained further, Plaintiffs' Motion is GRANTED.

    Plaintiffs allege that on or about September 19, 2024, they were riding in a motor vehicle operated by Plaintiff Taheera Sanders in St. Clair County, Illinois. Doc. 1-2, p. 2. Defendant Deontaye Beach allegedly collided with them as he operated a tractor-trailer in the course of his employment for Organics Distribution LLC. *Id*., pp. 2, 4. Plaintiffs allege that they lost wages, suffered personal injuries, and incurred costs for medical treatment as a result of this collision. *Id*., pp. 4-5. They filed suit against Defendants in the Circuit Court of St. Clair County, Illinois. *Id.*

    Defendants removed the case to this Court, citing 28 U.S.C. §1332 (diversity jurisdiction). Doc. 1, ¶2-6. Plaintiff Sanders is a citizen of Florida and Plaintiff Miller is a citizen of Arkansas. *Id*., ¶¶4,5. Defendant Beach is a citizen of Missouri and Defendant Organics Distribution, LLC

("Organics Distribution") is a citizen of Missouri.

One requirement for diversity jurisdiction is that each plaintiff is a citizen of a different state than each defendant.  28 U.S.C. §1332(a).  The other requirement is that the amount in controversy must exceed $75,000.00.  *Id*.  Generally, in cases where there are two or more plaintiffs, the amount in controversy for their respective claims cannot be aggregated for purposes of establishing federal jurisdiction; each claim must meet the $75,000 threshold on its own.  *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 717 (7th Cir. 2012).

In their Motion to Remand, Plaintiffs stipulate that neither of their claims meets the $75,000 minimum amount in controversy.  Doc. 12, p. 1.  As the removing parties, Defendants bear "the burden of establishing federal jurisdiction" and this Court must "interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."  S*chur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (internal citations and quotations omitted).  Defendants have filed no objection to remand and therefore Plaintiffs' Motion to Remand (Doc. 12) is GRANTED.  This case is REMANDED to the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED: February 10, 2026**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**